UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ANITA MEADOWS

    Plaintiff,

V.                                    CIVIL ACTION NO.

CONVERGENT HEALTHCARE RECOVERIES, INC.

    Defendant.                        JULY 25, 2012

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Baltimore, MD.

4. Defendant is a licensed collection agency and has a place of business as 124 SW ADAMS ST., SUITE 210, PEORIA, IL 61602.

5. Plaintiff is a consumer within the FDCPA.

6. Defendant is a debt collector within the FDCPA.

7. Defendant is a collector within the MCDCA.

8. Defendant communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal medical debt allegedly owed to Good Samaritan Hospital for a date of service August 6, 2006.

9. The Plaintiff was repeatedly contacted by the Defendant via telephone by phone at work and home, in an attempt to dispute a debt alleged by Defendant to be owed by Plaintiff.

10. The Defendant through a collection agent, who identified herself as Sarah, advised the Plaintiff that the call was being recorded.

11. The Plaintiff attempted to dispute this alleged debt and was advised by Defendant based on MD Law; she could only submit my request in writing and not over the phone. Sarah also said, based on the Fair Credit Reporting Act & the FDCPA she could not accept a verbal dispute, in addition they must have in writing for their tracking purposes.

12. Defendant through their collection agent stated, it could not do anything unless it was done in writing and that Plaintiff would have to write a letter with a legitimate dispute in order for Defendant to process it. The oral dispute would not be put on Plaintiff's credit report. (The FDCPA does not distinguish between valid or invalid disputes. See §1692e (8). "Communicating or threatening to communicate to any person credit information which is known or which should be

known to be false, including the failure to communicate that a disputed debt is disputed" violates the FDCPA. See *Brady v. Credit Recovery Co., Inc.*, in which the First Circuit held that under § 1692e(8) a debt collector is required to disclose a debt's disputed status regardless of whether the dispute was in writing. 160 F.3d 64, 67 (1st Cir. 1998); see *Stiff v. Wilshire Credit Corp.*, No. 05-0462, 2006 WL 141610, at *4 (D. Ariz. Jan. 17, 2006); *Rosado*, 324 F. Supp. 2d at 929.

13. Defendant threatened not to report Plaintiff's disputed debt as disputed and violated §1692e. See § 1692e(8) (it is a violation to communicate or threaten to communicate false information, including whether a debt is disputed; *Bible v. Allied Interstate, Inc.*, No. 00-323, 2001 WL 1618494, at (D. Minn. May 14, 2001) (implying that a threat to disclose false information to a third party suffices for a claim under § 1692e(8)); *Morse v. Dun & Bradstreet, Inc.*, 87 F. Supp. 2d 901, 904 n.1 (D. Minn. 2000) (§ 1692e(8) prohibits "threat[s] to communicate false credit information to third parties").

14. Defendant violated the FDCPA §1692g additionally (1) by confusing the least sophisticated consumer as to her dispute rights she is entitled to regarding the above debt. See *Brady v. Credit Recovery Co.*, 160 F.3d 64 (1st. Cir. 1998).

15. The Defendant's statements are false, deceptive and misleading and violate 1692e (8).

16. The Defendant failed to provide the required notice pursuant to §1602e (11) in each and every collection communication.

17. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e & g.

SECOND COUNT:

18. The allegations of the First Count are repeated and realleged as if fully set forth herein.

19. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

20. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages pursuant to the FDCPA on Count I.
2. Award Plaintiff statutory damages pursuant to the MCDCA on Count II.
3. Award such other and further relief as this Court may see fit.

THE PLAINTIFF

BY/S/Michael W. Kennedy
Michael W. Kennedy, Esquire
The Kennedy Law Firm
1204 Main Street, Suite 176
Branford, CT 06405
203-4814040
Fax: 443-440-6372
mwk550@yahoo.com